IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

METRO FUNDING, CORP.,

       Plaintiff

         v.

VILÁ CORP., et al.,

       Defendants

CIVIL NO.  09-1617 (JP)

## OPINION AND ORDER

The  Court  held  an  Initial  Scheduling  Conference  ("ISC")  on March 30, 2010 with the parties.  At said ISC, the Court **ORDERED** that default be entered against Defendants because of their noncompliance with the Court's Orders and the Federal Rules of Civil Procedure, and informed  the  parties  that  a  default  hearing  would  be  scheduled  to assess damages.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Factual Allegations

Plaintiff Metro Funding Corp. ("Metro") filed the instant action alleging that Defendants Vilá Corp. ("Vilá"), Eric Clay ("Clay"), and John Stickler ("Stickler") breached their payment obligations toward Plaintiff.  Specifically, Plaintiff alleges, in the complaint, that pursuant to the mortgage deed and other obligations Defendants owe it: (1) $1,004,000.00 for the unpaid balance of the principal; (2) $66,340.00 in accrued interest which continues to accrue; (3) any

CIVIL NO. 09-1617 (JP)              -2-

disbursements made by Plaintiff on behalf of Defendants; (4) costs; and (5) stipulated attorneys' fees.

**B.   Procedural History**

Plaintiff filed the instant complaint (No. 1) on July 6, 2009. Plaintiff then properly served Defendants Vilá and Clay (Nos. 7 and 15). Since Plaintiff had been unable to locate and serve Defendant Stickler, Plaintiff Metro requested permission from the Court to serve Defendant Stickler by publication (No. 9). The Court granted said motion (No. 14) on November 20, 2009. Defendants Clay and Vilá did not timely file a responsive pleading and, as such, the Clerk of the Court entered default against Defendant Vilá on November 20, 2009 (No. 12) and against Defendant Clay on December 3, 2009 (No. 18).

On December 9, 2009, Defendants filed three motions (Nos. 20, 21, and 22) requesting an extension of time to answer the complaint. The Court, in the interest of resolving the case on the merits, granted Defendants until December 29, 2009 to answer (Nos. 23, 24, and 25). However, Defendants' motions for extension of time were incorrectly filed because Defendants did not first file a motion to set aside the entry of default. Fed. R. Civ. P. 55(c). As such, on December 22, 2009, Plaintiff filed a motion (No. 26) to set aside the Court's Order granting Defendants an extension of time to answer. Before the Court could solve said motion, Defendants submitted their answer to the complaint (No. 28). In response,

CIVIL NO. 09-1617 (JP)          -3-

Plaintiff filed a motion (No. 31) to strike Defendants Clay and Vilá's answer.  Thereafter, the Court granted Defendants until January 20, 2010 to oppose Plaintiff's motions to strike and to set aside (No. 32).  Defendants did not oppose the motions.  Instead, on January 29, 2010, Defendants' attorney requested leave of Court (Nos. 33, 34, and 35) to withdraw as attorney for Defendants because Defendants were not communicating with him.  To avoid a delay in the proceedings, the Court denied said motion to withdraw (No. 37).

On January 29, 2010, the Court also granted (No. 36) Plaintiff's unopposed motion to set aside the Court's Order granting an extension of time to answer to Defendants Clay and Vilá because said Defendants did not: (1) file a motion to set aside the entry of default against them prior to requesting the extension of time to answer; and (2) show good cause for setting aside the entry of default against them.  Also, in said Order and in furtherance of the Court's policy of preferring to resolve cases on the merits, the Court gave Defendants Clay and Vilá another opportunity to correct their procedural error by granting them until February 5, 2010 to file a motion to set aside the entry of default against them.  Defendants timely filed their request to set aside the entry of default (No. 38).  The Court granted the motion to set aside the entry of default and also denied Plaintiff's motion to strike the answer submitted by Defendants (No. 41).

CIVIL NO. 09-1617 (JP)          -4-

Because Defendants had answered, the Court issued its ISC Call Order (No. 42) to the parties in which the Court: (1) set the ISC for March 30, 2010; (2) set the ISC Memorandum deadline for March 23, 2010; and (3) explained to the parties in detail the Court's expectations from the parties at the ISC.  Said Memorandum is an essential part of the Court's case management system.  The several important purposes served by the ISC Memorandum include: (1) apprising the Court and the parties of the respective factual allegations and legal theories of each party; (2) establishing lists of documentary evidence, fact witnesses, and expert witnesses to be used at trial; and (3) proposing uncontested facts that will allow the parties and the Court to appropriately limit the disputed issues in the case in order to design an efficient discovery process.

At the ISC, it is imperative that the Court and all parties have had the opportunity to review the respective ISC Memoranda so that the ISC itself is a productive use of time and so that the Court may set a fair and prompt discovery schedule and trial.  Given the importance of the ISC and the ISC Memoranda, the Court specifically stated in its ISC Call Order that "[f]ailure to comply will result in stiff penalties, including but not limited to the entry of default, the dismissal of one or more claims or defenses, barring of witnesses or evidence, or monetary sanctions."

On March 11, 2010, Defendants' attorney again requested leave (Nos. 45, 46, and 47) to withdraw.  In said motions, Defendants'

CIVIL NO. 09-1617 (JP)          -5-

counsel explained that Defendants had ceased all communication with counsel and had failed to respond to his numerous attempts to communicate with them.  Counsel also explained how his inability to communicate with his clients had prevented counsel from complying with the ISC Call Order and handling the discovery notified by Plaintiff to the Defendants' attorney.  Defendants' attorney sent this motion to his clients.  The Court denied the motions (Nos. 48, 49, and 50) because allowing Defendants' attorney to withdraw when Defendants did not have any other counsel would inexcusably delay the proceedings.  This was especially the case in light of the fact that Defendants could not be reached by even their own counsel.

On March 24, 2010, Defendants' attorney filed another set of motions (Nos. 52, 53, and 54) in which he informed the Court that he was still unable to communicate with Defendants and further detailing his efforts to communicate with Defendants.  Also, in the motions, counsel explained that the inability to communicate with Defendants had made it impossible for him to timely respond to the requests for admissions, production of documents, and interrogatories submitted by Plaintiff and reiterated that he could not submit the ISC Memorandum or prepare for the ISC.  Defendants never submitted their ISC Memorandum.

At the ISC, the Court and the parties were unable to proceed with discussion of the case and scheduling of discovery because

CIVIL NO. 09-1617 (JP)              -6-

Defendants had not previously submitted their ISC Memorandum.  Nor
did Defendants offer a belated memorandum or simple list of witnesses
and evidence so as to permit the scheduling of depositions and other
discovery.  In light of Defendants' severe lack of preparation and
repeated behavior which attempted to unjustifiably delay the
proceedings, the Court informed the parties that it would sanction
Defendants by entering default against them.[1]

## II.   <u>LEGAL STANDARD FOR A DEFAULT JUDGMENT SANCTION</u>

"The entry of a default judgment provides a useful remedy when
a litigant is confronted by an obstructionist adversary and plays a
constructive role in maintaining the orderly and efficient
administration of justice." <u>Remexcel Managerial Consultants v.
Arlequín</u>, 583 F.3d 45, 51 (1st Cir. 2009) (internal quotations
omitted).  "Nonetheless, it is a drastic sanction that runs contrary
to the goals of resolving cases on the merits and avoiding harsh or
unfair results." <u>Id.</u> (internal quotations omitted). "Since default
judgments implicate sharply conflicting policies . . . the trial
judge, who is usually the person most familiar with the circumstances
of the case and is in the best position to evaluate the good faith
and credibility of the parties, is entrusted with the task of
balancing these competing considerations." <u>Id.</u> (internal citations
omitted).  The sanction of default judgment "should be employed only

---

1.    The Court also sanctioned Defendants in the amount of $600.00 for not
      submitting their ISC Memorandum. Accordingly, Defendants are **ORDERED** to pay
      $600.00 to the Clerk of the Court **on or before April 23, 2010.**

CIVIL NO. 09-1617 (JP)          -7-

in an extreme situation." <u>Stewart v. Astrue</u>, 552 F.3d 26, 28 (1st Cir. 2009).

## III. <u>ANALYSIS</u>

In the instant case, Defendants have violated the Court's Orders and the Federal Rules of Civil Procedure. Defendants Clay and Vilá violated Federal Rule of Civil Procedure ("FRCP") 12(a)(1) by failing to file a responsive pleading within twenty-one days after being served with the summons and complaint (Nos. 12 and 18). Moreover, Defendants violated FRCP 55(c) by failing to move to set aside the entry of default prior to submitting the motion for extension of time to answer (Nos. 20, 21, 22, 26 and 36). Defendants also violated the Court's ISC Call Order by failing to timely submit their ISC Memorandum. In fact, Defendants altogether failed to submit the ISC Memorandum. As a result, Defendants also violated the ISC Call Order by coming to the ISC unprepared.

Furthermore, the facts in this case make clear that Defendants have been attempting to circumvent the Court's Orders in order to unjustifiably delay the proceedings. Defendants have disregarded their attorney's attempts to communicate with them regarding the present case. As a result, their attorney has been unable to timely comply with Plaintiff's discovery requests (Nos. 52, 53, and 54), and with the Court's ISC Call Order.

The instant case presents the Court with the difficult task of balancing the strong interest in resolving cases on the merits with

CIVIL NO. 09-1617 (JP)            -8-

the strong interest in promoting efficiency and compliance with the Orders of the Court and the rules of procedure.  Upon consideration of Defendants' repeated violations of the Court's Orders and the rules of procedure, the Court finds that the sanction of default judgment is appropriate.

The Court attempted to obtain Defendants' compliance with the rules of procedure by providing Defendants with multiple opportunities to correct their procedural mistakes (Nos. 32 and 36), and by issuing strict warnings that "[f]ailure to comply [with the ISC Call Order] will result in stiff penalties, including but not limited to the entry of default" (No. 42).  Nevertheless, Defendants continued to delay the proceedings and disregard the Court's Orders. Under such circumstances, ongoing attempts to coerce compliance would be a poor use of the Court's time and resources, and would unfairly force Plaintiff into an unnecessarily protracted and inefficient litigation process.

Accordingly, the Court **ORDERS** the Clerk of the Court to enter default against Defendants.  Furthermore, the Court hereby **SETS** a default hearing on **April 22, 2010** at 10:00 a.m., in the undersigned's courtroom.  At said hearing, Plaintiff **SHALL** present evidence regarding damages.

CIVIL NO. 09-1617 (JP)              -9-

**IV.   <u>CONCLUSION</u>**

 In conclusion, the Clerk of the Court **SHALL** enter default against Defendants.  The Court will hold a default hearing on April 22, 2010 and then will proceed to enter a default Judgment accordingly.

 **IT IS SO ORDERED.**

 In San Juan, Puerto Rico, this 5th day of April, 2010.


       <u>s/Jaime Pieras, Jr.</u>
       JAIME PIERAS, JR.
      U.S. SENIOR DISTRICT JUDGE