IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| METRO FUNDING, CORP., <br><br> Plaintiff <br><br> v. <br><br> VILÁ CORP., et al., <br><br> Defendants | CIVIL NO. 09-1617 (JP) |

**JUDGMENT BY DEFAULT**

By way of background, Plaintiff Metro Funding, Corp. ("Metro") filed the instant action alleging that Defendants Vilá Corp. ("Vilá"), Eric Clay ("Clay") and John Stickler ("Stickler") breached their payment obligations toward Plaintiff. Specifically, Plaintiff alleged in the complaint that pursuant to the mortgage deed and related loan documents, Defendants owe Plaintiff: (1) $1,004,000.00 for the unpaid balance of the principal; (2) $66,340.00 in accrued interest;[1] (3) all disbursements advanced by Plaintiff on behalf of Defendants; (4) costs and late charges; and (5) stipulated attorneys' fees.

Because of Defendants' noncompliance with the Federal Rules of Civil Procedure and the Court's Orders, the Court ordered the Clerk of Court to enter default against Defendants (No. 57). The Clerk of Court entered default on April 6, 2010 (No. 58).

---

1. Said accrued interest is as of the date the complaint was filed. However, said amount continues to accrue until the principal debt is paid in full.

CIVIL NO. 09-1617 (JP)          -2-

Since Defendants are in default, this "constitutes an admission of all facts well-pleaded in the complaint." Metropolitan Life Ins. Co. v. Colón Rivera, 204 F. Supp. 2d 273, 274-75 (D.P.R. 2002); see also Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999). As such, the only issue remaining for consideration is the amount of damages. Accordingly, the Court held a default hearing on April 22, 2010 to determine the amount of damages owed. Plaintiff presented as a witness the President of Metro, David Hecht ("Hecht"). Hecht identified and authenticated the following documents:[2]

(1) Exhibit 1 - Loan Agreement executed by Vilá and Metro;

(2) Exhibit 2 - Promissory Note issued by Vilá in favor of Metro with a face value of $2,000,000.00;

(3) Exhibit 3 - Personal Guaranty of Payment executed by Clay and Stickler in favor of Metro;

(4) Exhibit 4 - Mortgage Note due on demand in the principal amount of $2,000,000.00 and with an interest rate of 25% per annum;

(5) Exhibit 5 - Mortgage Deed executed by Vilá;

(6) Exhibit 6 - Registry Certificate demonstrating that the mortgage issued by Vilá in favor of Metro was duly recorded in the Registry of Property, Fajardo Section; and

---

2.   The documents were admitted into evidence by the Court.

CIVIL NO. 09-1617 (JP)            -3-

    (7)    Exhibit 7 - Computer generated Payoff Worksheet, as of April 22, 2010, showing the amounts owed by Vilá to Metro.

Based on the record, Hecht's testimony and all the documents admitted into evidence at the hearing, the Court makes the following findings of fact:

    A.    Metro is a corporation organized and existing under the laws of New Jersey. Its principal place of business is in New Jersey.  For diversity purposes, it is a citizen of New Jersey.

    B.    Defendant Vilá is a corporation organized and existing under the laws of Puerto Rico.  Its principal place of business is in the municipality of Vieques, Puerto Rico. It is a citizen of Puerto Rico.

    C.    Defendant Clay is a resident and a citizen of Maryland.

    D.    Defendant Stickler is a resident and a citizen of Virginia.

    E.    The real property subject to the mortgage at issue in this action is located in the District of Puerto Rico on the island municipality of Vieques.

    F.    The amount in controversy in the complaint, exclusive of interest and costs, exceeds the amount of $75,000.00.

    G.    For value received, Defendant Vilá subscribed, executed and delivered a promissory note payable to Metro for the

CIVIL NO. 09-1617 (JP)        -4-

        principal amount of TWO MILLION DOLLARS ($2,000,000.00). Exhibit 2.

- H. The loan with respect to which the above referenced promissory note was issued and delivered by Vilá was made by Plaintiff to Defendant Vilá solely for commercial purposes to purchase and develop the mortgaged real property. In fact, on or about June 8, 2007, pursuant to the Loan Agreement and in accordance with the testimony of Hecht, Metro made an initial advance in the amount of $1,004,000.00 to Vilá.

- I. The full payment of all amounts due to be paid under said note were jointly and severally guaranteed by Defendants Clay and Stickler in their personal capacities. Pursuant to the Guaranty of Payment, Exhibit 3, Clay and Stickler became directly obligated to Plaintiff for all amounts due by Vilá as a result of the Loan Agreement and related mortgage documents.

- J. Metro is at present the owner and holder of the aforesaid Mortgage Note and Promissory Note.

- K. For the purpose of securing payment of the amounts owed and in addition to the personal guarantees of Defendants Clay and Stickler, Defendant Vilá subscribed, executed and delivered to Metro a Mortgage Note, Exhibit 4, and dated June 8, 2007, due upon demand, for the principal amount of

CIVIL NO. 09-1617 (JP)          -5-

        TWO MILLION DOLLARS ($2,000,000.00), with interest at the rate of 25% per annum.  Said Mortgage Note is evidenced by mortgage deed number 47, Exhibit 5, executed in San Juan, Puerto Rico on the same date before Notary Public Ricardo O. Meléndez.

    L.    The aforementioned mortgage deed was presented for inscription and, in fact, is recorded at page 67 of volume 792 of Vieques, sixth and last inscription, at the Registry of Property for Puerto Rico, Fajardo Section. Exhibit 6.

    M.    The aforementioned mortgage deed constituted a valid first mortgage in favor of Metro over the real property described in the Spanish language as follows:

> **RUSTICA: Predio de terreno marcado con el número siete (7) en el plano de subdivisión, radicado en el término Municipal de Vieques, Puerto Rico, compuesto de doce punto cinco mil ochocientos veinte (12.5820) cuerdas, equivalentes a cuarenta y nueve mil cuatrocientos cincuenta y dos punto dos mil trescientos setenta y ocho (49,452.2378) metros cuadrados. En lindes por el Norte, con la finca individual número ocho (8); por el Sur, con la finca familiar número seis (6); por el Este, con camino que la separa de la finca familiar número dieciocho (18); y por el Oeste, con la Estación Naval.**

    N.    Said property is recorded at page 169 of Volume 75 of Vieques, property number 3,341, Registry of Property of Puerto Rico, Section of Fajardo.

CIVIL NO. 09-1617 (JP)          -6-

    O.    Plaintiff's efforts to collect the amounts due from Defendants have been unsuccessful.

Also, based on the record, Hecht's testimony and all the documents admitted into evidence at the hearing, the Court reaches the following conclusions of law:

    A.    Defendant Vilá is the title owner of the mortgaged property identified above.

    B.    Defendants Clay and Stickler jointly and severally guaranteed the payment of the afore referenced Promissory Note and Mortgage Note by way of the Guaranty of Payment. Exhibit 3.

    C.    Defendants have collectively breached their payment obligations towards Metro, as stipulated in the agreements between the parties and collateral security documents. Specifically, the Promissory Note states that all amounts due thereunder mature and become due and payable on June 7, 2009. Defendants did not pay the full amount due on or before June 7, 2009. In fact, according to the undisputed testimony of Hecht, Defendants first defaulted in their monthly payments to Metro on April 1, 2009. Defendants are thus in default pursuant to the terms and conditions of the Promissory Note, Exhibit 2, and related loan documents, Exhibits 1, 3, 4, 5, and 7.

CIVIL NO. 09-1617 (JP)          -7-

    D.    Defendants owe Plaintiff all disbursements made by Plaintiff on behalf of Defendants, plus the costs and stipulated attorneys' fees, all in accordance with the Mortgage Deed, Mortgage Note, Promissory Note and related agreements admitted into evidence.

    E.    The amounts claimed in the complaint are due, demandable and payable, since April 1, 2009, the date that Defendants first defaulted under the Loan Agreement, and related mortgage and promissory notes.

    F.    As of April 22, 2010, the principal amount of $1,004,000.00 is owing and past due to Metro, plus accrued interest in the amount of $299,184.36, plus the amount of $28,454.27 in late fees and charges. Moreover, Defendants owe Plaintiff the costs and stipulated attorneys' fees, in accordance with the documents admitted into evidence. Defendants owe Plaintiff the total amount of $1,351,838.71 as of April 22, 2010. Exhibit 7. Late charges, interest, court costs and attorneys' fees shall continue to accrue at the rates established in the Promissory Note, the Mortgage Note and related loan documents until the obligations arising from said documents are paid in full.

Pursuant to the findings of fact and conclusions of law, **IT IS HEREBY ORDERED**:

CIVIL NO. 09-1617 (JP)          -8-

1.   The mortgage constituted by Vilá by Deed Number 47 before Notary Public Ricardo Meléndez-Saurí on June 8, 2007, securing a mortgage note in the amount of $2,000,000.00, payable to the order of bearer, is a valid and binding mortgage and constitutes a lien prior to the estate or interest of Defendants in the above cause, on the mortgaged premises described in the complaint.  The premises described in the complaint is:

> **RUSTICA: Predio de terreno marcado con el número siete (7) en el plano de subdivisión, radicado en el término Municipal de Vieques, Puerto Rico, compuesto de doce punto cinco mil ochocientos veinte (12.5820) cuerdas, equivalentes a cuarenta y nueve mil cuatrocientos cincuenta y dos punto dos mil trescientos setenta y ocho (49,452.2378) metros cuadrados.  En lindes por el Norte, con la finca individual número ocho (8); por el Sur, con la finca familiar número seis (6); por el Este, con camino que la separa de la finca familiar número dieciocho (18); y por el Oeste, con la Estación Naval.**

The mortgage that is being foreclosed herein, that encumbers this property is recorded at page 169 of volume 75 of Vieques, property number 3,341, Registry of Property of Puerto Rico, Section of Fajardo.

2.   Defendant Vilá is the subscriber of the mortgage note and the Deed of Mortgage referred to in this Judgment, and the owner of the mortgaged property described above. Defendants Clay and Stickler jointly and severally guaranteed the payment of the aforesaid mortgage note by a Guaranty of Payment.  Defendants are ordered to pay Plaintiff the following amounts which are due as of April 22,

CIVIL NO. 09-1617 (JP)            -9-

2010: (1) $1,004,000.00 of principal; (2) $28,454.27 in late fees and charges; (3) $299,184.36 in accrued interest; and (4) $20,200.06 paid by Plaintiff in legal fees. Said amount payable equals $1,351,838.71 in total.

    3.   If Defendants do not pay the above-mentioned amounts within ten (10) days of this default judgment being entered, the mortgaged property described in paragraph one (1) hereof **SHALL** be sold by the Special Master at a public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

    4.   The Special Master shall make the sale mentioned herein in accordance with 28 U.S.C. §§ 2001 and 2002, and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law. The notice of sale shall be published in a newspaper of general circulation once a week during four consecutive weeks. The amount of $2,000,000.00 shall serve as the minimum bid for the first public sale. Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale. Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale. The Special Master shall proceed to issue the corresponding notice of sale to be published in a newspaper of

CIVIL NO. 09-1617 (JP)             -10-

general circulation without the need of further orders or writs from this Court.  Such sale shall be subject to the confirmation of this Court.  Upon confirmation, the Special Master shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law.  Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty days from the confirmation of the public sale.

    7.  Any funds derived from the sale to be made in accordance with the terms of this Judgment and such further orders of this Court shall be applied as follows:

    a)    To the payment of all proper expenses attendant upon said sale;

    b)    To the payment of that part of the indebtedness owed to Plaintiff as of April 22, 2010: (1) $1,004,000.00 of principal; (2) $28,454.27 in late fees and charges; (3) $299,184.36 in accrued interest; and (4) $20,200.06 paid by Plaintiff in legal fees.  Said amount payable equals $1,351,838.71 in total.

    d)    If after making the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

CIVIL NO. 09-1617 (JP)           -11-

    e)   In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to Plaintiff, Plaintiff shall be entitled to a deficiency judgment against Defendants and shall have execution thereof.

    8.   Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 7th day of May, 2010.

                                    s/Jaime Pieras, Jr.
                                        JAIME PIERAS, JR.
                              U.S. SENIOR DISTRICT JUDGE